**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01968-DOC　　　　　　　　　　　　　　　Date: November 15, 2024

Title: Rezvan Ghaderi v. Amazon.com Services LLC et al.

---

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):　ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 13) brought by Plaintiff Rezvan Ghaderi ("Plainitff") on October 10, 2024. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **DENIES** Plaintiff's Motion.

**I.　Background**

　**A.　Facts**

The following facts are drawn from Plaintiff's Complaint ("Compl.") (Dkt. 1). Plaintiff, Rezvan Ghaderi, was a remote employee of Defendant, Amazon.com Services LLC, in Stanton, California. *Id*. ¶ 1. Plaintiff began working for Defendant as a Software Engineer on August 10, 2020. *Id*. ¶ 7. In March of 2022, Shipra Gupta was introduced as Plaintiff's new manager. *Id*. ¶ 12. Plaintiff claims that after Gupta became manager, they began to hire young, Indian/South Asian women. *Id*. ¶ 13. Plaintiff contends that Gupta would make it clear that she did not like Plaintiff when she began criticizing her work and providing no positive feedback. *Id*. ¶ 15. Plaintiff states that Gupta would treat the younger, Indian/South Asian workers nicer. *Id*. ¶ 16. Plaintiff claims that Plaintiff was up

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01968-DOC                                     Date: November 15, 2024

Page 2

for a promotion prior to Gupta being manager, but after Gupta was Plaintiff's manager, Gupta discouraged Plaintiff's promotion. *Id*. ¶ 20. Plaintiff claims that Gupta would yell at Plaintiff in team meetings and would humiliate Plaintiff because of their technical opinion or for caring about a project. *Id*. ¶ 25-6.

Plaintiff claims that due to the treatment by Gupta, Plaintiff developed headaches and vertigo. *Id*. ¶ 29. Plaintiff's orthopedic doctor issued a disability certificate on October 23, 2022, because of Plaintiff's stress. *Id*. Plaintiff alleges they were forced to quit because of role elimination, and Plaintiff was offered five weeks of severance pay, which Plaintiff declined. *Id*. ¶ 30. Plaintiff raises claims of discrimination, harassment, and wrongful termination. *See generally* Compl.

**B.     Procedural History**

Plaintiff filed their Complaint in Orange County Superior Court on March 13, 2024 (Compl.). On September 11, 2024, Defendant filed their Notice of Removal to this Court ("Not. of Removal") (Dkt. 1). Defendant then filed their Answer to the Complaint on September 18, 2024 (Dkt. 10). The present Motion was filed on October 10, 2024, by Plaintiff to remand this case ("Mot.") (Dkt. 13). Defendant filed their Opposition to the Motion to Remand on October 28, 2024 ("Opp'n.") (Dkt. 21).

**II.     Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01968-DOC                                    Date: November 15, 2024

Page 3

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of state actions is allowed only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See id.*

### III.   Discussion

#### A.   Diversity

Because LLCs resemble both partnerships and corporations, the Ninth Circuit treats LLCs like partnerships for the purposes of diversity jurisdiction. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Thus, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens. *Id.*; *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson*, 437 F.3d at 899) ("A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business."). A corporation is deemed a citizen of every State by which it has "been incorporated and of the State…where it has its principal place of business." 28 U.S.C.S. § 1332 (c)(1). Determining the principal place of business of a corporation is done using the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). The "nerve center" is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92-3. This should normally be the corporation's headquarters, provided that the headquarters is not merely an office where board meetings are held. *Id*. at 93.

Here, Plaintiff argues that there is no complete diversity because Plaintiff is a resident of California and Defendant's principal place of business is in California. Mot. at 4. Defendant contends the parties are completely diverse because Defendant, Amazon.com Services LLC, is a limited liability company organized under the laws of the state of Delaware. Not. of Removal at 4. The sole member of Defendant LLC is Amazon.com Sales, Inc., which is also incorporated in Delaware with its principal place of business in Washington. *Id*. Defendant states the corporate headquarters are in Seattle, Washington. *Id*. The other named Defendant, Shipra Gupta, is a citizen of Washington.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01968-DOC                                  Date: November 15, 2024

Page 4

*Id*. The only dispute arises concerning the citizenship of Defendant Amazon.com Services, LLC.

Since Defendant is an LLC, its citizenship is determined by its sole member, Amazon.com Sales, Inc. *Johnson*, 437 F.3d at 899. Amazon.com Sales, Inc. is a corporation incorporated in Delaware. In addition, Amazon.com Sales, Inc., is headquartered in Washington, and Defendant states that the "primary executive, administrative, financial, and management functions are in Washington, where its corporate officer direct, control, and coordinate its activities." Not. of Removal at 4. Based on the decision making and control of corporate officers in Washington on behalf of Amazon.com Sales, Inc., Washington is the nerve center of its operations. Thus, Amazon.com Sales, Inc., the sole member of Defendant, renders Defendant's citizenship in Washington. The parties are completely diverse.

**B.     Amount in Controversy**

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01968-DOC                                                 Date: November 15, 2024

Page 5

*Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

    While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148-49.

    Here, the Plaintiff's Complaint does not affirmatively allege an amount in controversy over $75,000. Thus, Defendant must show the jurisdiction minimum is satisfied, which the Court holds the Defendant has done. Defendant has shown that is more likely than not that the amount in controversy exceeds the $75,000 minimum because the Plaintiff seeks lost wages where their annual salary was around $240,000. Not. at 5. Defendants specify that Amazon terminated Plaintiff on or about March 20, 2023, making the back pay damages in controversy from the date of termination to the time of removal more than $360,000. *Id.* Defendant makes reasonable, conservative calculations regarding possible emotional and punitive damages and attorneys' fees for employment cases. *See generally id.* The total damages sought using these estimates indicate it is more likely than not that the amount in controversy will exceed $75,000.

    Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01968-DOC                                   Date: November 15, 2024

                                                                                                                                         Page 6

**IV.    Disposition**

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand. Parties shall appear November 18, 2024 at 8:30 AM as set for Scheduling Conference.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                          Initials of Deputy Clerk: kdu

CIVIL-GEN